UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

MICHAEL GREGORY,

                           Plaintiff,

       -against-

CITY OF NEW YORK; Police Officer MICHAEL ESPINOSA, Shield No. 5471; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                          Defendants.
------------------------------------------------------------- x

**MAUSKOPF, J.**

**COMPLAINT**

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Michael Gregory ("plaintiff" or "Mr. Gregory") is a resident of Kings County in the City and State of New York.

7. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8. Defendant Police Officer Michael Espinosa, Shield No. 5471 ("Espinosa"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Espinosa is sued in his individual and official capacities.

9. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

10. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

11. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

12. At approximately 11:30 p.m. on August 22, 2012, plaintiff was lawfully riding as a passenger within a vehicle driving in the vicinity of 618 East 39th Street in Brooklyn, NY.

13. Plaintiff was one of approximately eight passengers seated in the back of a livery van.

14. At least seven police officers, with their guns drawn, stopped the van in which plaintiff was a passenger.

15. Officers, including defendant Espinosa, forced plaintiff and the other passengers from the van, placed them all in handcuffs and ordered them to sit on the curb.

16. Defendants asked who owned the van, and the driver of the van stepped forward and claimed the van as his own.

17. Defendants proceeded to search the van.

18. In so doing, they ripped the cover off of the dashboard of the van and recovered a firearm from within the air-conditioning vent.

19. Defendants then placed plaintiff, and all of the van's occupants, under arrest despite the fact that they lacked probable cause to do so.

20. Plaintiff was transported to the police precinct.

21. At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff in possession of a firearm.

22. At no point did the officers observe plaintiff a firearm.

23. Approximately one day later, on August 23, 2012, plaintiff was transported from the police precinct to Brooklyn Central Booking.

24. Plaintiff was subsequently arraigned in Kings County Criminal Court, and transported to Rikers Island.

25. Plaintiff was incarcerated approximately seven days incarcerated at Rikers Island.

26. Plaintiff was released and all criminal charges were dismissed by a motion of the Kings County District Attorney.

27. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### False Arrest

28. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

29. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

30. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
## Malicious Prosecution

31. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

33. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

34. As a direct and proximate result of defendants' unlawful actions, plaintiffs have suffered, and will continue to suffer, damages, including physical,

mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

### THIRD CLAIM
### Failure To Intervene

35.  Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36.  Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

37.  Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

38.  As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED:   December 18, 2012
         New York, New York

_____
Robert Marinelli
299 Broadway, Suite 1501
New York, New York  10007
 (212) 822-1427
rmarinelli@hmswlaw.com
*Attorney for plaintiff*